IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STACY J. McMAHAN                                                    PLAINTIFF

          v.                    Civil No. 2:22-cv-02149-PKH-MEF

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                      DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Stacy J. McMahan, brings this action under 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of Social Security Administration (the "Commissioner")

denying her claim for a period of disability and disability insurance benefits ("DIB") under Title

II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).   In this judicial

review, the Court must determine whether there is substantial evidence in the administrative record

to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

### I.        Procedural Background

Plaintiff filed her application for benefits on March 27, 2019, alleging disability beginning

August 1, 2018, due to back pain, neck pain, and emphysema.  (ECF No. 10, pp. 19, 26).  Plaintiff

was 46 years old on the alleged disability onset date, had at least a high school education, and was

unable to perform any past relevant work.  (*Id*., pp. 29-30).  Her application was denied initially

and on reconsideration.  (*Id*., p. 19).  At Plaintiff's request, an Administrative Law Judge ("ALJ"),

Clifford Shilling, held an administrative hearing on October 8, 2020, via telephone due to the

extraordinary circumstance presented by the COVID-19 pandemic.  (*Id*.).  The case was then

reassigned for expediency.  (*Id*.).  Another ALJ, Elisabeth McGee, held an administrative hearing

1

on September 22, 2021, via telephone due to the extraordinary circumstance presented by the COVID-19 pandemic. (*Id.*, pp. 19, 74-106). The Plaintiff was present and represented by counsel.

On October 19, 2021, ALJ McGee concluded that Plaintiff's chronic obstructive pulmonary disease ("COPD"), mild degenerative disc disease of the cervical spine, mild levoscoliosis of the thoracic spine, depression, and anxiety were severe, but she concluded these impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (ECF No. 10, pp. 22-25). She found Plaintiff capable of performing:

> light work as defined in 20 CFR 404.1567(b) except the claimant cannot be exposed to concentrated amounts of dust, fumes, or other pulmonary irritants; the claimant cannot be exposed to concentrated amounts of extreme heat; the claimant is able to perform 1 and 2 step tasks with several variables and is able to make related judgments; the claimant is able to concentrate for 2 hour periods with routine breaks; the claimant can [maintain] pace and persist for an 8-hour workday and a 40-hour workweek despite psychiatric problems; the claimant [can] occasionally interact with supervisors to learn tasks and can accept criticism, but can only have incidental contact with co-workers and the general public; and the claimant can adjust to repetitive work tasks and minor work changes in a usually stable work situation. (*Id.*, p. 25).

With the assistance of a vocational expert ("VE"), the ALJ concluded that Plaintiff could perform work as a Photocopy Machine Operator, DOT # 207.685-014, of which there are approximately 66,000 jobs in the national economy; a Mail Clerk, DOT # 209.687-026, of which there are approximately 99,000 jobs in the national economy; and a Laundry Classifier, DOT # 361.687-014, of which there are 70,000 jobs in the national economy. (ECF No. 10, pp. 30-31). Plaintiff was found not to be under a disability from her alleged onset date through the date of the ALJ's decision. (*Id.*, p. 31).

The Appeals Council denied Plaintiff's request for review on July 13, 2022. (ECF No. 10, pp. 7-12). Plaintiff then filed her Complaint to initiate this action on September 14, 2022. (ECF

No. 2).  This matter is before the undersigned for report and recommendation.  Both parties have filed appeal briefs (ECF Nos. 12, 14), and the case is ready for decision.

## II.  Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings.  *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019).  We must affirm the ALJ's decision if the record contains substantial evidence to support it.  *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014).  If there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision.  *Id.*

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

3

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4).  The fact finder only considers Plaintiff's age, education, and work experience in the light of her residual functional capacity if the final stage of the analysis is reached.  20 C.F.R. § 404.1520(a)(4)(v).

### III.    Discussion

Plaintiff raises three issues on appeal: (1) whether the Administrative Law Judge erred in failing to develop the record fully and fairly; (2) whether the Administrative Law Judge erred at Step Two of the sequential analysis; and (3) whether the Administrative Law Judge erred in her residual functional capacity determination, which Plaintiff contends was not supported by either examining or treating source opinion evidence.  (ECF No. 12).  After thoroughly reviewing the record, the undersigned finds that the ALJ properly developed the record, did not err at Step Two, and substantial evidence supports the ALJ's RFC finding.

### A.    The ALJ Developed the Record Fully and Fairly

Plaintiff first contends that the ALJ failed to develop the record fully and fairly when she did not order a mental status consultative examination.  (ECF No. 12, pp. 5-10).

The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that her decision is an informed decision based on sufficient facts. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).  The ALJ is not, however, required to function as the claimant's substitute

counsel, but only to develop a reasonably complete record. *Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014) (quoting *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994). While "[a]n ALJ should recontact a treating or consulting physician if a critical issue is undeveloped," "the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (quotation, alteration, and citation omitted).

Here, the approximately 1,300-page record contains several years of treatment for Plaintiff's chronic obstructive pulmonary disease ("COPD"), mild degenerative disc disease of the cervical spine, mild levoscoliosis of the thoracic spine, depression, and anxiety. These treatment notes provide multiple objective medical findings, and they include MRIs, x-rays, CT scans, and a longitudinal record of Plaintiff's pain management and mental health management plans. The record also contains opinion evidence from the state agency consulting physicians, as well as from Plaintiff's treating sources. The record primarily tracks Plaintiff's treatments for physical impairments simply because Plaintiff's mental limitations responded well to conservative medication management. Notably, the record does not contain evidence that Plaintiff ever sought out or received counseling services or psychiatric treatment. Rather, Plaintiff's primary care provider managed her medication that effectively controlled her symptoms of depression and anxiety.

While Plaintiff insists that the ALJ should have obtained an additional mental status consultative examination, an ALJ need only order additional examinations if insufficient evidence exists in the record to make an informed decision on a claim. Treatment records from the relevant period reveal only mild mental status findings and effective control of symptoms with medication. Plaintiff's reported limitations stemming from mental impairments included difficulty dealing with

stress; but she had no problems dealing with change, following instructions, completing personal care, socializing, performing household chores and some yardwork, engaging in hobbies daily, handling finances, shopping in stores, helping take care of pets, preparing meals, and driving independently.  (ECF No. 10, pp. 342-349).  While she complained of irritability, anxiety, and tearfulness, medications improved her symptoms and examinations generally showed mild mental status findings.  Her treatment provider noted that Plaintiff was not working with a counselor or followed by psychiatry.  Plaintiff's allegations of disability were based primarily on physical impairments.  As such, we cannot say that the record contained insufficient evidence for the ALJ to determine Plaintiff's mental limitations, and accordingly, the ALJ was not required to order additional mental status consultative examinations.  Given the robust record, including objective medical findings, opinion evidence, and Plaintiff's reported functionality, we find that the ALJ developed the record fully and fairly.

### B.        The ALJ Did Not Err at Step Two

Plaintiff next insists that the ALJ erred in finding the medically determinable lumbar impairment non-severe.  (ECF No. 12, pp. 10-11).

At Step Two, a claimant has the burden of providing evidence of functional limitations in support of their contention of disability.  *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).  "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities."  *Id*. (citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987); 20 C.F.R. § 404.1521(a)).  "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two."  *Id*.  (citing *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007)).

In her decision, the ALJ made the threshold determination that Plaintiff had severe impairments, including mild degenerative disc disease of the cervical spine and mild levoscoliosis of the thoracic spine. Consequently, Plaintiff's claim proceeded through the sequential analysis. Then, the ALJ discussed Plaintiff's lumbar impairments along with the impairments she found severe at Step Two. The ALJ discussed record evidence of Plaintiff's lumbar spine CT scan showing curvature of the lumbar spine to the left, but well-maintained vertebral body heights, no fractures, or destructive lesions, and appropriately positioned facets relative to one another. (ECF No. 10, p. 27). She noted that Plaintiff regularly and independently completed her own personal care, prepared meals, completed light cleaning, did laundry, engaged in light gardening, assisted in caring for family pets, drove, and shopped in stores. (*Id*.). Any omission of the lumbar impairment at Step Two was cured by the ALJ's discussion of it and its resulting limitations at the later stages of the sequential analysis.

### C. Substantial Evidence Supports the ALJ's RFC Finding

Plaintiff also contends that the ALJ's RFC determination is not supported by substantial evidence. (ECF No. 12, pp. 11-15). While Plaintiff insists that the RFC finding is not supported by an opinion from an examining or treating source, we find that the ALJ properly considered the treatment records, other medical evidence, and the opinions of Plaintiff's primary care provider, consultative examiner, and non-examining state agency physicians in setting out the RFC.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545. A disability claimant has the burden of establishing her RFC. *Vossen*, 612 F. 3d at 1016. "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578

F.3d 838, 844 (8th Cir. 2009).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller*, 784 F.3d at 479 (8th Cir. 2015) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

The evidence in the record supports the ALJ's RFC determination.  Imaging results show thoracic dextroscoliosis; minimal thoracic scoliosis with no other significant abnormality; slight curvature of the thoracic spine but no acute abnormalities; spondylosis and neuroforaminal narrowing and small disc protrusion but no significant stenosis; and mild disc space narrowing. (ECF No. 10, pp.  538-667; 436-473).  While Plaintiff's pain was not eliminated, she consistently reported improved symptoms with medication, and that she was completing all her activities of daily living.  The ALJ specifically discussed Plaintiff's multiple statements to her treatment providers that the pain medication regimen improved her life, including physical functioning, relationships, and sleep patterns.  (*Id.*, p. 27-28).

The ALJ also considered opinion evidence from examining and non-examining physicians, ultimately finding that Plaintiff was somewhat more limited than the state agency consultants assessed.  (ECF No. 10, p. 29).  The ALJ found the functional restrictions assessed by Velvet Medlock-Graham, M.S., PT, unsupported by MRI evidence showing only mild disc degeneration and a small disc protrusion.  (*Id.*).  She noted that the restrictions assessed by Deborah Hays, M.D., were inconsistent with Plaintiff's repeated testament to the benefit of her pain medication regimens.  (*Id.*).  Another of Dr. Hays' opinions cited objective medical evidence to support her

conclusions and was consistent with Plaintiff's longitudinal treatment history; the ALJ, thus, found this opinion persuasive and accounted for it in her RFC finding.  (*Id.*).  The ALJ properly noted that conservative medication treatment effectively controlled Plaintiff's depression and anxiety symptoms without the need for counseling or psychotherapy.  (*Id.*, pp. 27-28).

Finally, the ALJ considered Plaintiff's work history.  (ECF No. 10, pp. 28-29).  Plaintiff's application for and receipt of unemployment benefits would have required her to state that she could resume work immediately if suitable employment was found.  Coupled with Plaintiff's statements that she stopped working because her job was outsourced, the ALJ reasonably noted the inconsistency of this work history with Plaintiff's allegations of disability.  There is substantial evidence to support the ALJ's RFC finding in this case.

### IV.     Conclusion

For the reasons discussed above, it is recommended that the Commissioner's decision to deny benefits be affirmed and that Plaintiff's Complaint (ECF No. 2) be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of December 2023.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE